# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WILLIAM P. COLLINS, JR.,**

      **Plaintiff,**

**-vs-**                                           **Case No. 6:04-cv-1134-Orl-28DAB**

**LAKE HELEN L.P.,**

      **Defendant.**

_____

## ORDER AND REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**   **PLAINTIFF'S MOTION FOR EXTENSION OF DEADLINE TO FILE JOINT FINAL PRETRIAL STATEMENT (Doc. No. 114)**
>
> **FILED:**   **October 16, 2006**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

    The motion fails to comply with Local Rule 3.01(g). Moreover, the deadlines have already been extended and the parties were notified by the Court at hearing that it would not countenance further delay.

> **MOTION:** MOTION FOR DISCOVERY SANCTIONS AND ALTERNATIVELY TO EXTEND TIME TO CASE MANAGEMENT DEADLINES (Doc. No. 115)
>
> **FILED:** October 17, 2006
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

The motion seeks discovery sanctions and yet another extension of time, with respect to documents Plaintiff asserts were not produced, as required by Court Order. That Order directed production of documents no later than October 2, 2006, and the filing of the Final Pretrial Statement **no later than October 13, 2006.** (Doc. No. 111 - emphasis original). In exhibits to the motion, Defendant states that "Mr. Hough has produced everything in his possession" and documents are attached. The instant motion was filed 15 days after Defendant produced the documents, and four days after the Final Pretrial Statement was to be filed. As of today's date, the case is on a November trial docket, and the parties have failed to file a Final Pretrial Statement. In view of the above, the motion is **denied** as inexcusably untimely and otherwise without merit.

The parties have had adequate time (including extensions) to complete discovery and ready this case for trial. Despite a clear directive from the Court regarding a date certain for filing the Final Pretrial Statement, the parties have failed to do so and have failed to provide the Court with any legitimate excuse for such failure.[1] Indeed, Plaintiff has established a pattern of filing motion after motion, seeking extension of various deadlines in this matter. *See* Doc. Nos. 50, 58, 81, 89, 101, and

---

[1] Plaintiff's counsel attempts to shift blame for the failure to meet the deadline on to the courtroom deputy, by stating that counsel "has been attempting to ascertain the Court's preference as to the precise format of the Exhibit List. To date, the courtroom deputy has yet to provide the requested direction." (Doc. No. 114 at 1). The requested direction has already been provided to counsel, in complete detail, including the approved form, in the Case Management and Scheduling Order entered by this Court. *See* Doc. No. 40 at pp. 7-8, 14.

107, in addition to the two motions at issue here. The Court was clear with counsel at the latest status conference that the clock had run on discovery and that the case was to be readied for trial immediately, or sanctions would result. Despite fair warning and repeated extensions, neither party has met the Court's deadline for filing the Final Pretrial Statement, and it is therefore **respectfully recommended** that the case, both Plaintiff's Complaint and Defendant's counterclaim, be **dismissed** for failure to prosecute.[2]

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 19, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[2]"**SANCTIONS** – The Court will impose sanctions on any party or attorney: 1) who fails to attend and to actively participate in the meeting to prepare the Joint Pretrial Statement, or who refuses to sign and file agreed document; 2) who fails to attend the Final Pretrial Conference, or who is substantially unprepared to participate; 3) who fails to attend the mediation and actively participate in good faith, or who attends the mediation without full authority to negotiate a settlement, or who is substantially unprepared to participate in the mediation; or 4) who otherwise fails to comply with this order. Sanctions may include but are not limited to an award of reasonable attorneys fees and costs, the striking of pleadings, the entry of default, the dismissal of the case, and a finding of contempt of court. *See* Fed.R.Civ.P. 16(f) and 37; Local Rules 9.05(c), (e); 28 U.S.C. § 1927." (Doc. No. 40)