# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**WILLIAM P. COLLINS, JR.,**

**Plaintiff,**

**-vs-**                                                        **Case No.  6:04-cv-1134-Orl-28DAB**

**LAKE HELEN L.P.,**

**Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration with oral argument on the issue of appropriate sanctions and the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO WITHDRAW AS COUNSEL (Doc. No. 151)** |
| **FILED:** | **December 6, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**, in part, as set forth herein.

For the following reasons, it is also **recommended** that Plaintiff and Plaintiff's counsel be sanctioned, and that the case be reopened and calendared for trial, all as set forth herein.

### HISTORY OF THE CASE

The docket reflects that Plaintiff, represented by attorney Astrid DeParry, filed his complaint for "an accounting of the expenses and profits of a joint venture and to foreclose an equitable lien" in state court (Doc. No. 2).  The action was removed to this Court by Defendant Lake Helen L.P., asserting diversity jurisdiction (Doc. No. 1).  Defendant filed a separate lawsuit for eviction in state

court, and Plaintiff filed a Notice of Removal of that action, in the instant suit (Doc. No. 16).  The

Court struck that Notice as failing to comply with appropriate removal procedure (Doc. No. 20).  On

December 23, 2004, Defendant moved for summary judgment and to dissolve the lis pendens (Doc.

No. 27).

On December 27, 2004, the Court issued an Order directing Plaintiff to show cause why the

case should not be dismissed for failure to file the required Case Management Report (Doc. No. 28).

Plaintiff's counsel filed a response indicating that she received the papers on August 11, 2004, but

"due to mistake, inadvertence and/or excusable neglect on the part of Plaintiff's attorney due to the

arrival of Hurricane Charlie on August 13, 2004, Plaintiff's attorney failed to calendar the 60 day

deadline for filing the Case Management Report." (Doc. No. 33).  Counsel also noted that she was

preoccupied with the aftermath of the hurricanes for a period of sixty days, and that she was confused

over which attorney representing Defendant was, in fact, lead attorney in this matter.  Plaintiff closed

her response with the following:

> COLLINS respectfully submits that he made a reasonable, good faith effort to comply
> with Local Rule 3.05 under the circumstances of this case and pledges his continued
> best efforts to prosecute this action with reasonable diligence as soon as LAKE
> HELEN, L.P. discloses which one of the four or five attorneys working on this case
> will coordinate with Plaintiff's attorney to complete the required Case Management
> Report.

(Doc. No. 33).

The Court responded by ordering Defendant to identify lead counsel immediately and ordered

the parties to file their Case Management Report by January 24, 2005 (Doc. No. 34).  Plaintiff  and

Defendant could not agree on proposed dates so each filed a Unilateral Case Management Report,

which were both stricken by the Court (Doc. Nos. 35-38).  The parties filed a joint Case Management

-2-

Report (Doc. No. 39), which the Court ordered amended, as the parties failed to specify whether a jury trial was sought (Doc. No. 41, 44).

On February 11, 2005, Plaintiff, in a single spaced paper, moved for clarification or additional time to respond to the summary judgment motion, due to the absence of an electronic copy of the deposition transcript (Doc. No. 46). The Court granted additional time and directed Plaintiff to Local Rule 1.05 regarding the form of pleadings (Doc. No. 48). On March 3, 2005, in another single spaced paper, Plaintiff moved again for additional time, due to "a particularly resistant form of influenza" and the vacation of a staff member (Doc. No. 50). This, too, was granted by the Court (Doc. No. 53). On March 24, 2005, Plaintiff filed a Notice of serving answers to interrogatories (Doc. No. 54) and a response to request for production (Doc. No. 56), both in violation of Local Rule 3.03 (prohibiting the routine filing of discovery). The docket sheet reflects that Counsel was notified of the error.

Plaintiff responded to the motion for summary judgment, and the Court set same for hearing. Plaintiff's counsel then moved to continue the hearing, due to a preplanned vacation *and* her desire to depose Defendants prior to the Court ruling on the pending summary judgment motion (Doc. No. 58). Counsel represented that the motion was unopposed, however, Defendant responded to the motion, noting that Plaintiff's counsel did not mention the depositions while seeking agreement on a continuance and stating that Defendant did not agree to a continuance until after further depositions were taken (Doc. No. 59). The Court granted the continuance, in part, until after Plaintiff's counsel's vacation (Doc. No. 60).

On July 15, 2005, Plaintiff's counsel again improperly filed a Notice of Service of Interrogatories (Doc. No. 61) and the Court struck same by Order (Doc. No. 62). Meanwhile, Defendant moved for an extension of time to respond to discovery, citing the pendency of the motion

for summary judgment (Doc. No. 65). Plaintiff objected (Doc. No. 68), contending that Defendant

had entered into several transactions regarding sale of the property sufficient to obfuscate the identity

of the true real party in interest, thus necessitating additional discovery. The Court denied

Defendant's motion (Doc. No. 70).

On September 20, 2005, Plaintiff filed his first motion to compel discovery (Doc. No. 71).

The Court promptly denied same, without prejudice, for failure to comply with Local Rule 3.04(a)

(requiring the party to quote or attach the discovery in question) (Doc. No. 72). Plaintiff renewed the

motion, in a single spaced paper (Doc. No. 74) and Defendant responded by providing the discovery

sought (Doc. No. 76). The Court therefore denied the motion, as moot, cautioning Defendant that

further unexcused delays would be met with sanctions (Doc. No. 77). In the meantime, the Court

denied the motion for summary judgment, citing the conflicting and incomplete factual record (Doc

No. 75).

January 2006 brought a motion to withdraw, filed by defense counsel (Doc. No. 78). The

motion was denied by the Court (Doc. No. 79). In March, Plaintiff scheduled the mediation

conference (Doc. No. 80). On March 16, 2006, Plaintiff moved to extend time for discovery and

dispositive motions (Doc. No. 81), due to a "voluminous trial schedule on both parties' part" and

"Plaintiff has not had an opportunity to depose either one of the self-described 'General Partners' of

the Defendant" (Doc. No. 81). The Court extended the discovery deadline, but not the dispositive

motion deadline (Doc. No. 85). Moreover, in extending discovery, the Court specifically noted the

following:

> The Court grants the motion, in part, only as to extending time for discovery.
> Provided, however, this extension in no way relieves the parties of other obligations
> and deadlines set forth in the Scheduling Order. Further, this extension shall not be the
> basis for seeking relief from that Order. Provided further, this extension assumes that

there will be no disputes regarding discovery within this extended period, and the Court will not entertain any motions pertaining to such disputes.

(Doc. No. 85).

On May 5, 2006, Plaintiff filed a joint motion to extend discovery (Doc. No. 89), requesting a new deadline of June 17, 2006, which the Court granted, subject to the same provisions set forth above (Doc. No. 90).

Plaintiff next filed a notice of taking deposition, which was stricken by the Court for failure to yet again comply with the local rule prohibiting routine filing of discovery notices (Doc. Nos. 91, 92).

It appears that the parties then became embroiled in a dispute over the deposition of a non-party. Defendant moved for a protective order, which was denied without prejudice (Doc. Nos. 94, 95) and, after the discovery deadline had passed, Plaintiff responded to the motion and alternatively moved to compel discovery (Doc. No. 96). The crux of Plaintiff's position was an alleged inability to obtain sought after records from Defendant and request to obtain them from a non-party accountant. Defendant filed a response (Doc. No. 97), asserting untimeliness, lack of appropriate notice and that Plaintiff was not entitled to the records at that time, in any event. Additional filings were made and both sides filed motions to extend time (Doc. Nos. 100, 101).

The Court held a telephone conference with the parties on July 21, 2006 (Doc. Nos. 102, 103) and issued an Order which granted Plaintiff's motion to compel and extended the case management deadlines, noting "the parties' Joint Final Pretrial Statement shall be filed by September 15, 2006." (Doc. No. 104).

On September 7, 2006, Defendant filed a motion to compel Plaintiff's counsel to comply with the Case Management and Scheduling Order and meet with defense counsel to prepare the Joint Final

Pretrial Statement (Doc. No. 105).  According to the motion, Plaintiff's counsel had rebuffed all efforts to meet and confer in order to file the statement.  On September 14, 2006, Plaintiff responded by filing a motion for discovery sanctions and in the alternative motion for extension of case management deadlines (Doc. No. 106, refilled at 107).  Plaintiff contended that due to Defendant's failure to provide discovery, sanctions - including dismissal - should be imposed against Defendant and in the alternative, the Court should grant a 60 day extension "so as to provide sufficient time for the parties to meet in person after completing all required disclosures." (Doc. No. 106).  Defendant responded that the outstanding discovery, if any, was owed by a third party and not Defendant and objected to any request for an extension (Doc. No. 109).

The Court held a status conference on September 25, 2006 in order to address these issues.  As is clear from the transcript (Doc. No. 123-2), the Court was not pleased with the parties' failure to move forward on the case.  After hearing from the parties, the Court ordered the following:

> THE COURT:  All right.  Here's what we're going to do,  I want Mr. Huff to produce whatever he's going to produce pursuant to my order, the terms of which I'm not at present revisiting, by next Monday, October 2.  I want counsel to meet in person on October 10 to hammer out [the ] required final pretrial statement. *The burden is on the plaintiff to prepare the first draft of that including her list of exhibits.*  Ms. DeParry, you need to decide what your exhibits are for your case in chief.  * * *

(emphasis added).

The Court continued:

> But  you need to have your exhibit list before Mr. Shahady  travels up here to meet with you and have the ones that you propose to be your exhibits marked so that he can go through the process of determining what objections he has to those, and the two of you can talk about those the ones that can't be resolved get -- and they'll be in the final pretrial statement. That's the usual process. I'll change the date for the filing of that statement  to October 13 and move you over to the November docket. *And I say all this with certain trepidation. One is that this is at least the third deadline now. I'm concerned we're going to continue to slip. You need to go ahead and get this done so that the case can go forward.*

(emphasis added).

-6-

The Court also warned the parties in no uncertain terms that further delay would not be

tolerated:

> THE COURT: And as I say, this may have been implicit, but let me make it explicit:
> If this deadline isn't met, I'm going to be doing a report and recommendation to the
> district judge that the case be dismissed for lack of prosecution. So this has got to get
> done on this schedule.

When Plaintiff's counsel expressed a fear that all the records would not be produced, the

Court noted the following:

> THE COURT: Well, I don't know if you heard that, Mr. Shahady. Ms. De Parry
> indicated a desire not to have to revisit the order. I don't want to revisit it
> either, but if there's a failure to comply, a motion to compel will deal with it. But
> otherwise -- *regardless of that, these other things need to be taken care of.*

(emphasis added).

The Court then issued an Order consistent with its rulings from the bench, directing counsel

to exchange preliminary drafts of their respective portions of the Final Pretrial Statement by October

4, 2006; directing counsel to meet in person at Plaintiff's counsel's office on October 11, 2006 and

directing the filing of the Final Pretrial Statement **no later than October 13, 2006.** (Doc. No. 111,

emphasis original).

The parties did not file a Final Pretrial Statement as ordered.

On October 16, 2004 Plaintiff filed a Motion for Extension of Deadline (*See* Doc. Nos. 112-

114). On October 17, 2004, Plaintiff filed a motion for discovery sanctions (Doc. No. 115). By Order

and Report and Recommendation, the undersigned denied the motion for discovery sanctions and to

extend time, and following through on the prior explicit warning to the parties, recommended that the

case, both Plaintiff's Complaint and Defendant's counterclaim, be dismissed for failure to prosecute

(Doc. No. 116). Plaintiff filed an expedited motion for reconsideration and requested oral argument

(Doc. Nos. 119, 120), which the Court denied (Doc. No. 121), but carried with the case as objections to the Report and Recommendation.  Plaintiff sought and received permission to supplement the objections (Doc. No. 124, 127, 128).

On November 29, 2006, the District Court adopted the Report and Recommendation and dismissed the claims and counterclaim (Doc. No. 132).  Plaintiff appealed (Doc. No. 133).  On October 19, 2007, the Court of Appeals vacated the Order of dismissal (Doc. No. 138).  Although the appellate court found that "the district court did not abuse its discretion in finding that Collins engaged in a clear pattern of delay," the appellate court concluded that there was no clear indication that the magistrate considered lesser sanctions, and the case was remanded for such consideration.

Following issuance of the mandate, on October 26, 2007, the Court issued an order directing Plaintiff to, within eleven days of the Order, "file a list of all lesser sanctions he feels need be explicitly considered by the Court. This list may include brief argument as why the suggested sanctions are sufficient and more appropriate than dismissal." (Doc. No. 139).

Plaintiff failed to timely file the required brief.

Instead, on November 16, 2007, Plaintiff moved *pro se* to file the list, stating that Ms. DeParry had withdrawn from the case and he had not been notified of the Order to file a brief until he called the Clerk of Court (Doc. No. 140).  Plaintiff filed a Notice of Appearance on his own behalf and moved to file a supplement to his original list/brief (Doc. Nos. 141, 144-6).  Defendant moved to strike his appearance as unauthorized, in that Ms. DeParry had not withdrawn from the case (Doc. No. 143).  By Order, this Court granted motion for leave to file the list and supplemental list and ordered Ms. DeParry to respond to Plaintiff's filing and show cause why sanctions should not be imposed against her (Doc. No. 147).  Ms. DeParry has filed her responses (Doc. Nos. 149- another single space

-8-

paper- and 150)  and has moved to withdraw as attorney for Plaintiff (Doc. No. 151).  She has also filed a Notice to take judicial notice of a motion filed in and relating to pending state court proceedings relating to this property (Doc. No. 153).

In her response to the Order to Show Cause, Ms. DeParry noted that she withdrew from the case in the appellate court and was not aware that she needed to withdraw in this Court, as well. She also noted that she did not see the Court's October 26, 2007 Order directing the filing of briefs until November 15, 2007, as she was on vacation, and then busy hosting her mother-in-law's 90th birthday celebration, and, anyway, may have "overlooked it" in the 60-100 emails she receives every day (Doc. No. 149).

The Court noticed a hearing on these matters and directed all to attend in person.  All did.

At hearing, Ms. DeParry stated that she had not been paid for her work; that Defendant "was papering me to death;"and that she should be allowed to withdraw, as Plaintiff had lost confidence in her and could obtain other counsel.  Plaintiff Collins stated that he had, in fact, paid Ms. DeParry "six figures worth" up until the case was dismissed.  He opined that, as the dismissal was due to her failure to comply with Court Orders, he did not feel he should have to pay her for work necessary to rectify her mistakes.  He also noted that he had been unsuccessful in obtaining substitute counsel, as no counsel would take this case in the present posture, and thus, felt that Ms. DeParry should continue the representation.  Mr. Shahady, counsel for Defendant, objected to the characterization of papering Plaintiff to death, but not to the motion to withdraw.

The Court asked the parties to address the issue of sanctions.  Mr. Shahady argued that the Court correctly dismissed the case in the first instance in that the record shows that lesser sanctions would not suffice.  In the alternative, Defendant contended that, should the Court consider lesser

sanctions to be appropriate, Defendant has incurred $145,000.00 in attorney's fees and $20,000.00 in costs (apparently, carrying costs with respect to the property), and reimbursement of these costs would be equitable.  Mr. Collins responded that such an amount would be burdensome and unfair, as *both* counsel had been "back biting and at each others' throats" throughout the litigation, and he just wanted to have his day in court.  When asked by the Court whether he thought he could ready the case and proceed to trial in short order, Plaintiff responded that he did not know if he could, noting that he had no counsel.  For her part, Ms. DeParry apologized to the Court for her "inadvertence," noting that Mr. Collins did nothing wrong and should not be punished.  She noted that this was "a classic case for lesser sanctions" as there was "no pattern of delay" in that the case was hotly litigated; there was "no prejudice to the Defendant;" and that the failure to file the Final Pretrial Statement was not deliberate and was, in fact, "an isolated act."

### ISSUES AND ANALYSIS

*The Motion to Withdraw*

Previously, the Court ordered Ms. DeParry to show cause why she should not be sanctioned for her failure to file a motion to withdraw in this Court, in violation of Local Rule 2.03(b) (prohibiting counsel from withdrawing without leave of court), for failing to respond to the Court's Order directing the filing of briefs (Doc. No. 139), and for abandoning this cause and her client, in what appeared to be a violation of local and ethical rules (Doc. No. 147).  As set forth above, Ms. DeParry responded with the instant motion and related papers, contending that 1) she did not know she had to withdraw in this Court;  and 2) she did not see the Order directing the filing of briefs, due to either a) her vacation, b) her mother-in-law's 90th birthday party, or c) she just missed it in the 60 to 100 emails she gets daily.  On the merits of the motion, Ms. DeParry argues that she should be

-10-

allowed to withdraw because 1) she hasn't been paid, 2) she is a sole practitioner, 3) Defendant is "papering her to death," and 4) "Plaintiff has no confidence in me."

Initially, the Court notes that it is unimpressed with counsel's explanation for why she did not feel it necessary to formally withdraw in this matter.  Even if the Court were inclined to accept her explanation that she thought the appellate court withdrawal was automatically effective here, the continued receipt of court communications in this case clearly put counsel on notice that, in fact, her impression may have been incorrect, and prudence dictated that she at least inquire.  Although counsel says she somehow "missed" the October 26 Order directing the filing of briefs, that was not the only paper she received following the remand in this matter.  Indeed, the docket reflects that Ms. DeParry electronically received no less than *seven* motions or notices in the month following the October 26th Order, and yet she filed *nothing*, until December 6, 2007, when she filed her response to the Order to Show Cause.  *See* Doc. Nos. 140-149, and note electronic receipts.  This is so even though she received Defendant's November 19 motion which specifically addressed DeParry's failure to withdraw under the local rules.  Her failure to timely communicate with this Court regarding her status in this matter is, simply, inexcusable.  Ms. DeParry is therefore **publicly admonished** for conduct below that expected of members of the bar of this Court.

With respect to the merits of the motion she finally did file, the first two grounds offered for withdrawal (not being paid and being outlawyered) are generally insufficient to justify withdrawal at this late stage, especially over the client's objection.  That said, the Court is persuaded that it is not in the best interest of Plaintiff, Defendant nor the Court to force Ms. DeParry to continue to represent Plaintiff in this suit, when her client (and, to some degree, the Court) have lost confidence in her. While the Court is not unsympathetic to the difficulties Plaintiff faces in obtaining substitute counsel,

he has shown himself to be articulate and cogent in recent *pro se* filings. If substitute counsel does not appear, Plaintiff is capable of representing himself in this matter.

It is therefore **recommended** that the motion be **granted, without prejudice** to any remedies Plaintiff may or may not wish to pursue against Ms. DeParry with respect to the representation or termination of the representation and **without prejudice** to consideration by the Court of Ms. DeParry's conduct with respect to the issues on remand**.** Should this recommendation be adopted by the Court, Plaintiff is advised that unless and until substitute counsel appears on his behalf, he will be personally responsible for the prosecution of this action, including adherence to the federal and local rules of procedure and meeting all case management deadlines. Further, should this recommendation be adopted and Ms. DeParry's appearance as counsel be terminated, the Clerk of Court should be **directed** to reopen the file, note Ms. DeParry's appearance as an interested person, in order to continue her receipt of electronic filings for this case through the use of the CMECF system, and add Plaintiff's email address, in order for Plaintiff to receive email CMECF notifications for this case only.

*Remand Issues*

The second issue before the Court is the reconsideration of an appropriate sanction, as ordered by the Court of Appeals. While the Court does not agree with the characterization of its prior order of dismissal as that of a "sanction" (the Court dismissed the case for failure to prosecute, a component of the Court's inherent authority), it nevertheless has considered "lesser sanctions," as directed.

Initially, the Court notes with some degree of incredulity that Ms. DeParry's version of what occurred in this case is far afield from that perceived by this Court. While Ms. DeParry's apology for her missteps in handling the case is appreciated, the Court cannot agree with her that the failure to file

the Final Pretrial Statement was not deliberate, did not prejudice Defendant, and "was an isolated act." In view of the Court's clear warning that the final pretrial statement *must* be filed timely or the case would be dismissed, it is impossible to imagine how any practitioner could "inadvertently" fail to do so.  As for her claim that there was no prejudice to the Defendant, the record belies such a contention. Defendant's counterclaim was dismissed, it incurred attorney's fees and costs both on appeal and presently, and Defendant represented at hearing that the litigation (which would have been long resolved had Plaintiff filed the statement allowing the case to proceed to trial) has complicated the sale of the property significantly.  Although the record shows that Defendant was, in some measure, responsible for a portion of its own difficulties, it cannot be said that Plaintiff's actions were not to Defendant's detriment.

Nor can the record support a contention that Plaintiff's failure was an isolated act.  The record detailed above indicates that time and time again, counsel failed to follow the local rules, resulting in numerous delays and unnecessary additional expenditures of time and labor.  In addition to motions seeking to extend time due to a variety of reasons, Plaintiff did not follow appropriate procedure to remove the eviction suit (Doc. Nos. 16 and 20); failed to timely file the required Case Management Report (Doc. No. 33) and then, filed it unilaterally (as did Defendant) (Doc. Nos. 35-38);  violated Local Rule 1.05 with impunity, despite notice of the requirement (*see* Doc. Nos. 46, 48, 50, 74, and 149), violated Local Rule 3.03 routinely, despite notice (Doc. Nos. 54, 56, 61, 62, 91 and 92); and violated Local Rule 3.04(a) (Doc. Nos. 71, 72).  Further, Ms. DeParry's apparent inability to acknowledge her own shortcomings in this regard, preferring instead to blame everything from the weather to the Court clerk, is hardly the hallmark of a true penitent.

That said, upon reflection, and in view of the longstanding principle that cases should be decided, if at all possible, on the merits, the Court finds that dismissal is not appropriate here. By all accounts, the misbehavior at issue is primarily that of counsel, not Plaintiff himself. Depriving Plaintiff of his day in court based solely on the inexperience of his counsel, while justified in appropriate circumstances, may be too harsh a result on the facts presented. While the delays and difficulties presented by Plaintiff's counsel certainly made defense of the case frustrating and more expensive for Defendant, the record shows that Defendant itself was responsible for some of the confusion and delay (*see, e.g.,* Doc. Nos. 34, 68 and 78). Indeed, the Court reminds Defendant that the Court found *both* sides had failed to prosecute and dismissed the Complaint *and* Defendant's counterclaim.

Absent any evidence that Plaintiff was himself complicit in the failure to prosecute his claim, and in view of the mandate from the Court of Appeals and Plaintiff's representations to the Court regarding his willingness to prosecute the claim, if given an opportunity to do so,[1] the Court **respectfully recommends** that the case be reopened and placed on the trial calendar for **May 2008.** Should this recommendation be adopted, the District court should order the parties to file a *joint* final pretrial statement **no later than March 14, 2008. Needless to say, failure to file the joint final pretrial statement by such date shall result in severe sanctions on the party or counsel found responsible for the failure.**

In finding that dismissal is no longer appropriate, the Court does not imply that the conduct of Plaintiff and Plaintiff's counsel was acceptable or excusable. For her part, counsel was obviously

---

[1]Plaintiff was candid in admitting that he was not sure he could go to trial within 60 days, due to his lack of counsel. The Court finds that scheduling trial for May gives Plaintiff a reasonable time to either obtain substitute counsel or familiarize himself with the rules necessary to try the case pro se.

in over her head and her refusal to seek guidance when in such perilous water reflects poorly on her and the profession.  To be clear, the Court does not blame counsel for making mistakes in her handling of this matter; it faults her for refusing to accept responsibility for the errors and refusing to *learn* from them.  Counsel's stubbornness unnecessarily complicated this matter for all concerned.

Plaintiff, too, bears some responsibility for the demise of his claim.  While all agree that he was not *personally* responsible for the numerous failures set forth in this Report, he selected this counsel, and the law is clear that the actions of such an agent are, in large measure, necessarily imputed to the principal. As the United States Supreme Court has stated:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'

*Link v. Wabash Railroad Co.*, 370 U.S. 626, 633-34, 82 S.Ct. 1386 (1962) (internal citation omitted). Thus, while Plaintiff does not bear the blame for counsel's errors, he must share in the responsibility for them.

The district court possesses the inherent power to police its docket.  *Link, supra,* 370 U.S. at 629-30.  Further, vacation of the dismissal does not deprive the district court of authority to impose lesser sanctions against the plaintiff, or disciplinary action against the attorney, if appropriate.  Doc. No. 138 at 13.  Based on the foregoing, this Court finds that sanctions against both Plaintiff and his attorney are appropriate.

In considering the appropriate sanction, the Court rejects Defendant's suggestion to impose full recompense of all defense litigation costs and fees, as well as carrying costs. As set forth above,

Defendant and his counsel played a role (albeit, a lesser one) in the derailing of this action, and such an award would be an unjust windfall.[2]  Rather, the Court finds that a public admonishment and the imposition of a serious, but not crippling, monetary sanction suffices to punish the misconduct, deter future problems, put the case back on track, and compensate Defendant for time spent unnecessarily as the result of the misconduct. The Court therefore **respectfully recommends** as follows:

    1.  That Astrid DeParry be **admonished** for her conduct in this matter;

    2.  That the Court impose a monetary sanction payable to Defendant in the total amount of **$25,000.00: $10,000.00 of which should be imposed on Plaintiff and $15,000.00 of which should be imposed on Ms. DeParry**.  Should Plaintiff fail to pay his portion of the sanction within eleven days of any Order adopting this recommendation, the case should be summarily dismissed.  If counsel fails to timely pay, a judgment should issue against her.  It is expressly noted that any such sanction imposed on Plaintiff is without prejudice to any remedies he may have or wish to pursue against Ms. DeParry.

    3.  As set forth above, that the case be reopened, and placed on the trial calendar for **May 2008.**  Should this recommendation be adopted, the District Court should order the parties to file a *joint* final pretrial statement **no later than March 14, 2008.**

---

[2]Absent a legal basis for fee shifting, Defendant is obliged to cover its own attorney's fees in this matter.  At most, it is entitled only to the *extra* fees resulting from the misconduct; that is, fees it would not have ordinarily incurred.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 16, 2008.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy